IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-711-FL

| | |
|---|---|
| NICOLE LYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| BG-IC, LLC d/b/a BERKSHIRE GROUP, ) | |
| and LLC d/b/a BERKSHIRE ) | |
| RESIDENTIAL INVESTMENTS, LLC, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' partial motion to dismiss. (DE 17). The motion has been briefed fully, and in this posture, the issues raised are ripe for ruling. For the following reasons, the motion is denied.

## STATEMENT OF THE CASE

Plaintiff commenced this employment discrimination action December 12, 2023, by filing motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and complaint, asserting claims for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201 et seq. Magistrate Judge Robert T. Numbers, II, allowed plaintiff to proceed in forma pauperis December 14, 2023.[1]

---

[1] The magistrate judge did not conduct frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B) at that time.

Plaintiff filed amended complaint December 29, 2023, which corrected the names of defendants and identified them as foreign rather than domestic corporations. (Compl. at 1, 2, 5).[2] After obtaining an extension of time, defendants filed answer and the instant partial motion to dismiss, directed against plaintiff's failure to accommodate claim. Thereafter, the court entered order directing the parties to conduct a discovery planning conference pursuant to Federal Rule of Civil Procedure 26(f). The parties complied, submitting in addition a joint proposed protective order. The court entered case management order and the parties' stipulated consent protective order April 11, 2024. In the meantime, plaintiff responded to the instant motion, and defendants replied.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff, who suffers from post-traumatic stress disorder ("PTSD") and attention deficit/hyperactivity disorder ("ADHD"), worked for defendants as a leasing agent. (See compl. ¶¶ 8-9). She did not receive training, and the symptoms of her conditions worsened due in part to her interactions with a colleague who allegedly "drank alcohol during work hours . . . and was prone to angry outbursts." (Id. ¶ 12). "In February 2022," plaintiff "requested accommodations for her disability," (id. ¶ 15), including individualized training, "a quiet workspace for certain tasks, time off for doctor's appointments, for coworkers to let her know when they were going to be behind her, and access to a working computer." (Id. ¶ 16). On March 14, 2022, defendants denied all plaintiff's requests, except for individualized training; however, "the training never happened." (Id. ¶ 20).

Plaintiff was hospitalized April 29, 2022, (see id. ¶ 21), and she "filed for and received short-term disability using the benefits she had purchased through" defendant. (Id. ¶ 22). "In early

---

[2] Hereinafter, all references to the complaint (compl.) are to the amended complaint at DE 9.

June," plaintiff's doctor cleared her to "return to work on July 1, 2022." (Id. ¶ 24). This information was relayed to defendants' benefits administrator, and defendants themselves confirmed receipt of the information "shortly thereafter." (Id. ¶ 26). On June 27, 2022, however, plaintiff saw that her job had been posted, (see id. ¶ 27), and plaintiff's employment was terminated July 5, 2022. (Id. ¶ 32). Plaintiff filed a charge before the Equal Employment Opportunity Commission ("EEOC") January 2, 2023, and received notice of her right to sue September 13, 2023. (See compl. ¶ 34).

## COURT'S DISCUSSION

1. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[3] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

2. Analysis

Defendants move to dismiss plaintiff's failure to accommodate claim on the grounds that it is time-barred. The court disagrees.

---

[3] Throughout this order, internal citations and quotation marks are omitted unless otherwise specified.

An individual alleging discrimination in violation of the ADA, 42 U.S.C. §12117(a), must file an administrative charge with the EEOC "within 180 days of the alleged unlawful employment practice, unless within that period the claimant had initially instituted proceedings with a state or local agency, in which case the charge must be filed with the EEOC within 300 days." McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994). "When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court." Id. This period does "not begin to run," however, "until a reasonable plaintiff should have known facts that would support a charge of discrimination." Hamilton v. 1st Source Bank, 895 F.2d 159, 164 (4th Cir. 1990); see also Faircloth v. Goodyear Tire & Rubber Co., No. 5:13-CV-336-B, 2013 WL 6410233 at *3 (E.D.N.C. Dec. 9, 2013) ("[T]his Court determines that the discrete discriminatory act took place on the day plaintiff became aware that his leave of absence was permanent and no accommodation would be made[.]").

For purposes of plaintiff's failure to accommodate claim, the relevant "unlawful employment practice" 42 U.S.C. § 2000(e)(1), is defendants' failure to provide individualized training as plaintiff requested. See Reyazuddin v. Montgomery Cnty., Md., 789 F.3d 407, 414 (4th Cir. 2015) (requiring inter alia that a plaintiff show that her employer "refused to make a reasonable accommodation" as part of establishing a prima facie case). Plaintiff alleges that March 14, 2022, defendants denied all her requests "except for 1-on-1 training," but such training was not provided, and plaintiff spent months "waiting for . . . training she never received." (Compl. ¶¶ 20-21). While on short-term disability, plaintiff reasonably could have believed that training would occur once she returned to work, (see compl. ¶¶ 22-25), and the complaint does not include allegations suggesting that defendants communicated any change in position to plaintiff during that time. Based on the allegations of the complaint, the court infers that a reasonable plaintiff

4

would not have been put on notice that defendants had refused to accommodate her request for more training until she was terminated July 5, 2022.

Defendants argue that where a claim for failure to accommodate accrues "on the date the employer approves or denies the requested accommodation," the limitations period began to run March 14, 2022, when plaintiff's request for individualized training allegedly was approved. (DE 22 at 3). This argument, however, ignores plaintiff's allegation that the training never occurred. (See compl. ¶ 20). In addition, defendants do not cite, and the court has not found, any case holding that if an employer promises to provide an accommodation, and no accommodation in fact is made, the 180-day limitations period operates to bar an employee from filing a charge of discrimination for failure to make the promised accommodation with the EEOC. Such a rule not only could invite gamesmanship and delay, but also would run counter to a directive from the United States Court of Appeals for the Fourth Circuit, warning courts not to "erect insurmountable barriers to litigation out of overly technical concerns." Sydnor v. Fairfax County, Va., 681 F.3d 591, 594 (4th Cir. 2012). Defendants' argument in the alternative, that plaintiff's claim accrued when she began her leave, falls short for the same reasons. Plaintiff reasonably could have believed, based on defendants' alleged representations, that the training she had requested would occur once she returned to work. (See compl. ¶ 7) (alleging that defendants "denied all [plaintiff's] requests except for 1-on-1 training, but the training never happened"); (compl. ¶ 26) (alleging that an individual in defendants' human resources department "called [plaintiff] and confirmed that the benefits administrator had informed [defendant] that [plaintiff] would return to work July 1.").

## CONCLUSION

For the foregoing reasons, defendants' partial motion to dismiss (DE 17) is DENIED. Accordingly, all claims in the complaint shall proceed forward in accordance with the deadlines set forth in the court's April 11, 2024, case management order.

SO ORDERED, this the 13th day of June, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge